UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIELLE CORRENT,

      Plaintiff,

                                Case No.  20-11070

vs.                              HON.  GEORGE CARAM STEEH

COOPER STANDARD AUTOMOTIVE,
INC., JEFFREY S. EDWARDS,
JOANNA TOTSKY, and LARRY OTT,

      Defendants.
_____/

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS COUNT II OF PLAINTIFF'S COMPLAINT [ECF No. 9]

This case was filed by plaintiff Gabrielle Corrent, a former employee of defendant Cooper Standard.  Plaintiff's complaint alleges violations of the Michigan Whistleblowers' Protection Act, MCLA 15.361 et seq. (Count I); the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley"), 18 U.S.C. § 1514A, and the 2010 Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 15 U.S.C. §§ 78u-6(h)(1)(A)(iii) (Count II); and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, et seq. (Counts III and IV).  The matter is before the Court on defendants' motion to dismiss the Sarbanes-Oxley and Dodd-Frank claims brought in Count II of plaintiff's complaint [ECF No. 9].  Defendants' motion to dismiss is based

on a failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(c) and lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Plaintiff did not file a timely response brief.  The Court does not believe it will be further aided by oral argument.  For the reasons stated below, defendant's motion to dismiss Count II is GRANTED.

I.  Dodd-Frank Claim

Plaintiff alleges that defendants violated Dodd-Frank by overstating company revenue.  In her complaint, plaintiff alleges that she made internal complaints to a number of defendant's officers and board members (Complaint at ¶¶ 46-50; 87 and 90).  Based on these internal complaints, plaintiff asserts that she was terminated from her employment in violation of Dodd-Frank (Complaint at ¶ 91).

Section 78u-6(h) of Dodd-Frank prohibits an employer from retaliating against a "whistleblower" as defined under the Act.  See 15 U.S.C. § 78u-6(h).  "Whistleblower" is defined as "any individual who provides, or 2 or more individuals acting jointly who provide, information relating to a violation of the securities laws to the [Securities and Exhange] Commission, in a manner established, by rule or regulation, by the Commission."  Id.  In Digital Realty Trust, Inc. v. Somers, __U.S. __, 138 S. Ct. 767, 772-73 (2018), the Supreme Court unanimously held "[t]o sue

under Dodd–Frank's anti-retaliation provision, a person must first "provid[e] ... information relating to a violation of the securities laws to the [Securities and Exchange] Commission." § 78u–6(a)(6).

In this case, plaintiff only alleges that she made internal complaints to her employer.  Because plaintiff fails to allege that she complained to the SEC, she cannot establish that she was a whistleblower under Section 78u-6(a)(6) of Dodd-Frank.  See 15 U.S.C.§ 78u-6(a)(6); Somers, 138 S. Ct. at 772-74.  For this reason, the plaintiff fails to state a claim for relief under Dodd-Frank.  Defendants' motion to dismiss the Dodd-Frank claim in Count II of plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(c), is granted.

II.     Sarbanes-Oxley Claim

Sarbanes-Oxley prohibits certain types of publicly traded companies from retaliating against an employee in the terms and conditions of employment for providing information regarding conduct that the employee reasonably believes violates certain criminal fraud statutes, SEC rules or regulations, and federal law relating to fraud against shareholders. 18 U.S.C. § 1514A(a).  However, in order for an employee to pursue a Sarbanes-Oxley retaliation claim in federal court, he or she must first exhaust administrative remedies that are prescribed under the statute.

*Somers*, 138 S. Ct. at 773 (citing 18 U.S.C.§1514A(b)(1)(A) and 18 U.S.C. § 1514A(b)(2)(D)).

The statute provides that an employee has 180 days from the date of the alleged adverse action to file a complaint with the Secretary of Labor. 18 U.S.C. § 1514A(b)(2)(D).  The Secretary of Labor has delegated the responsibility of accepting and investigating such complaints to the Occupational Safety and Health Agency ("OSHA"), an agency within the Department of Labor.  See *Radu v. Lear Corp.*, No. 04-40317, 2005 U.S. Dist. LEXIS 49769, *4 (E.D. Mich. Sep. 30, 2005); 29 C.F.R. § 1980.103. "Only if OSHA has failed to issue a final decision within 180 days of the filing of the complaint, may the individual institute an action in court." *Id*. Where an employee fails to exhaust his or her administrative remedies under Sarbanes-Oxley, federal courts lack subject matter jurisdiction over the claim.  *Bigland v. FCA N. Am. Holdings, LLC*, No. 19-11659, 2019 U.S. Dist. LEXIS 173399, at *24 (E.D.Mich. Oct.7, 2019); *see also Somers*, 138 S. Ct. at 776.

Plaintiff does not allege that she timely exhausted her administrative remedies as required under Section 1514A(b)(1) of Sarbanes-Oxley. Defendants made a FOIA request to the Department of Labor, which confirmed that plaintiff has not filed a complaint with OSHA [ECF No. 9-1,

PageID.150]. Therefore, defendants' motion to dismiss plaintiff's Sarbanes-Oxley claim in Count II of her complaint is granted pursuant to Fed. R. Civ. P. 12(c) and Fed. R. Civ. P. 12(b)(1).

III.   Conclusion

For the reasons stated above, defendants' motion to dismiss Count II of the complaint is GRANTED.

Dated: December 16, 2020

>   s/George Caram Steeh
>   GEORGE CARAM STEEH
>   UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 16, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk